AUG 13 4 32 PM '91

JOSHUA M. LEVIN
Environment & Natural Resources Division
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
202-514-4198

LOURDES G. BAIRD
United States Attorney

PETER HSIAO
Assistant United States Attorney
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
213-894-6117

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., Plaintiffs, v. SHELL OIL COMPANY, et al., Defendants. | Case No. Civ. 91 0589(Ex) |
| AND RELATED CLAIMS | ANSWER OF FEDERAL COUNTER-DEFENDANTS TO COUNTERCLAIM OF DEFENDANTS SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, ATLANTIC RICHFIELD COMPANY, AND TEXACO INC. |

37.

COME NOW Counterdefendants, the UNITED STATES OF AMERICA, the SECRETARY OF COMMERCE, the SECRETARY OF INTERIOR, the SECRETARY OF THE TREASURY, the SECRETARY OF DEFENSE, the SECRETARY OF THE NAVY, the SECRETARY OF THE ARMY, the SECRETARY OF THE AIR FORCE, and the ADMINISTRATOR OF THE GENERAL SERVICES ADMINISTRATION (collectively identified herein as "the United States") , and submit the following answer to the Counterclaim of Defendants, Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company, and Texaco Inc. ("Oil Company Defendants"):

1. The United States admits the allegations of paragraph 1 of the counterclaim.

2. The United States admits the allegations of paragraph 2 of the counterclaim.

3.-10. The United States admits that each of the agencies named as Counterdefendants in paragraphs 3 through 10 are departments of the United States within the meaning of Section 120(a)(1) of CERCLA, 42 U.S.C. §9620(a)(1). The United States further asserts that the remaining allegations in paragraphs 3 through 10 state legal conclusions to which no response is required.

11. The allegations contained in paragraph 11 of the counterclaim state legal conclusions to which no response is required.

12. The allegations contained in paragraph 12 of the



FORM OBD-183
MAR. 83

counterclaim characterize a legal pleading which speaks for itself.

13. The allegations contained in paragraph 13 of the counterclaim characterize a legal pleading which speaks for itself.

14. With regard to the allegations contained in the first sentence of paragraph 14 of the counterclaim, the United States admits that, pursuant to the War Powers Clause of the U.S. Constitution and other federal statutory and regulatory authority, federal agencies and/or corporations alleged to be predecessors-in-interest to one or more of the federal agencies named in the counterclaim entered into contracts with the counterclaimants to refine and manufacture high octane aviation gasoline. With regard to the last sentence of the paragraph, the United States admits that counterclaimants' action appears to be brought to obtain judicial determination of the responsibilities and liabilities of counterclaimants and the United States with respect to the McColl Site. The United States denies the remaining allegations contained in paragraph 14 of the counterclaim.

JURISDICTION

15. The United States asserts that paragraph 15 states legal conclusions to which no response is required.

16. The United States admits the allegations contained in the first sentence of paragraph 16 of the counterclaim. The United States asserts that the remaining allegations contained in



FORM OBD-183
MAR 83

paragraph 16 characterize an enacted statute which speaks for itself, or are conclusions of law to which no response is required.

17. The United States admits the allegations contained in the first sentence of paragraph 17 of the counterclaim. The United States denies the remaining allegations in paragraph 17 of the counterclaim, except that it admits that it entered into a state of war on December 8, 1941, and further admits that by joint resolution dated July 25, 1947, Congress terminated said state of war and terminated national emergencies proclaimed by the President on September 8, 1939 and May 27, 1941. The remaining allegations in paragraph 17 are conclusions of law to which no response is required.

18. The United States asserts that the allegations contained in paragraph 18 of the counterclaim characterize enacted statutes which speak for themselves.

19. The United States admits the allegations contained in paragraph 19 of the counterclaim.

20. The United States admits the allegations contained in the first sentence of paragraph 20 of the counterclaim. The United States asserts that the remaining allegations in paragraph 20 characterize an Executive Order which speaks for itself.

21. In response to the allegations contained in the first sentence of paragraph 21 of the counterclaim, the United States admits that in 1941, before the outset of World War II, the Office of the Petroleum Coordinator for War recognized the

need for immediate regulatory steps to be taken to increase the national production of high-octane aviation gasoline. The United States admits the allegations contained in the second sentence of paragraph 21 of the counterclaim. In response to the remaining allegations contained in paragraph 21, the United States admits that it issued various recommendations and regulatory directives concerning the sharing of knowledge of the sulfuric acid alkylation process and the manufacture of high-octane aviation gasoline, and that said recommendations and regulatory directives speak for themselves.

22. The United States objects to the term "United States refiners" in the last sentence of paragraph 22 of the counterclaim, to the extent it implies that the United States and its agencies owned or controlled said refiners, and to said extent it denies the allegations in that sentence. In all other respects, the United States admits the allegations contained in paragraph 22 of the counterclaim.

23. The United States objects to the use of the vague and undefined term "acid waste" and therefore is without sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 23 of the counterclaim, except that the United States admits on information and belief that waste was generated as a result of the production of high-octane aviation gasoline. With regard to the second sentence, the United States admits on information and belief that increased production generally resulted in a proportionate increase in

waste from production. In all other respects, the United States denies the remaining allegations contained in paragraph 23 of the counterclaim.

24. The allegations contained in paragraph 24 of the counterclaim, and subparagraphs (a) through (m) thereof, state legal conclusions to which no response is required. To the extent such allegations can be interpreted as factual allegations, the United States admits only that it exercised regulatory authority over the gasoline industry, as it did over the United States economy as a whole, and the United States otherwise denies each and every one of such allegations.

25. The United States denies the allegations contained in the first sentence of paragraph 25 of the counterclaim. The United States admits the remaining allegations contained in paragraph 25 of the counterclaim.

26. The United States is without sufficient knowledge or information to form a belief as to the truth of any allegations contained in paragraph 26 of the counterclaim.

27. The allegations contained in the first sentence of paragraph 27 of the counterclaim state legal conclusions to which no response is required. The United States denies the allegations contained in the second sentence of paragraph 27 of the counterclaim and affirmatively states that prices paid for high octane aviation gasoline were negotiated between contracting producers and agencies and government corporations of the United States. The United States objects to the use of the vague and



FORM OBD-183
MAR. 83

undefined term "generally below prices which had existed in the prewar market place" in the third sentence of paragraph 27, and therefore denies the allegations in said paragraph. The United States denies each and every one of the remaining allegations contained in paragraph 27 of the counterclaim.

28. The United States denies the allegations contained in the first sentence of paragraph 28 of the counterclaim. In response to the allegations contained in the second sentence of paragraph 28, the United States affirmatively states that an agreement was entered into between various agencies and government corporations of the United States entitled "Memorandum of Understanding on Plan to Reimburse Manufacturers of 91 Octane and High Aviation Gasoline for Losses Incurred in Following Office of Petroleum Coordinator Recommendations," which document speaks for itself. The United States admits the allegations contained in the third sentence of paragraph 28 of the counterclaim, but affirmatively states that said Memorandum was modified and supplemented following its adoption.

29. The allegations contained in paragraph 29 of the counterclaim purport to quote portions of a document which speaks for itself.

30. The allegations contained in paragraph 30 of the counterclaim characterize memoranda, correspondence and other documents which speak for themselves.

31. The allegations contained in paragraph 31 of the counterclaim state legal conclusions to which no response is

required. To the extent such allegations can be interpreted as factual allegations, the United States denies each and every one of such allegations.

32. Paragraph 32 of the counterclaim states a legal conclusion to which no response is required.

33. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 33 of the counterclaim. The United States denies the allegations contained in sentence three of paragraph 33 of the counterclaim.

First Counterclaim

34. Paragraphs 1 through 33 are incorporated by reference in response to the allegations contained in paragraph 34 of the counterclaim.

35. The allegations contained in paragraph 35 of the counterclaim paraphrase legal pleadings in this action, which pleadings speak for themselves.

36. The United States denies the allegations contained in paragraph 36 of the counterclaim.

37. The allegation in paragraph 37 of the counterclaim that an "actual controversy" exists states a legal conclusion to which no response is required. The remaining allegations contained in paragraph 37 of the counterclaim characterize a legal pleading which speaks for itself.

Second Counterclaim



FORM OBD-183
MAR 83

38. Paragraphs 1 through 37 are incorporated by reference in response to the allegations contained in paragraph 38 of the counterclaim.

39. The allegation in paragraph 39 of the counterclaim characterize a legal pleading which speaks for itself.

40. The United States denies the allegations contained in paragraph 40 of the counterclaim.

41. The allegation in paragraph 41 of the counterclaim that an "actual controversy" exists states a legal conclusion to which no response is required. The remaining allegations in paragraph 41 of the counterclaim characterize a legal pleading which speaks for itself.

Third Counterclaim

42. Paragraphs 1 through 41 are incorporated by reference in response to the allegations contained in paragraph 42 of the counterclaim.

43. The allegations in paragraph 43 of the counterclaim characterize a legal pleading which speaks for itself.

44. The United States denies the allegations contained in paragraph 44 of the counterclaim.

45. The allegation in paragraph 45 of the counterclaim that an "actual controversy" exists states a legal conclusion to which no response is required. The remaining allegations contained in paragraph 45 of the counterclaim characterize a legal pleading which speaks for itself.



FORM OBD-183
MAR. 83

Fourth Counterclaim

46. Paragraphs 1 through 45 are incorporated by reference in response to the allegations contained in paragraph 46 of the counterclaim.

47. The United States denies the allegations contained in paragraph 47 of the counterclaim.

48. The allegation contained in paragraph 48 of the counterclaim that an "actual controversy" exists states a legal conclusion to which no response is required. The remaining allegations contained in paragraph 48 of the counterclaim characterize a legal pleading which speaks for itself.

Fifth Counterclaim

49. Paragraphs 1 through 48 are incorporated by reference in response to the allegations contained in paragraph 49 of the counterclaim.

50. The United States admits the allegations contained in paragraph 50 of the counterclaim.

51. The United States admits the allegations contained in paragraph 51 of the counterclaim.

52. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the counterclaim.

53. The allegations contained in paragraph 53 of the counterclaim state legal conclusions which speak for themselves. The United States denies any allegations of liability contained in the second sentence of paragraph 53 of the counterclaim.

54. The United States denies the allegations contained in paragraph 54 of the counterclaim.

55. The United States denies the allegations contained in paragraph 55 of the counterclaim.

Sixth Counterclaim

56. Paragraphs 1 through 55 are incorporated by reference in response to the allegations contained in paragraph 56 of the counterclaim.

57. The United States denies the allegations contained in the first sentence of paragraph 57 of the counterclaim, except that it admits that various contracts for the purchase of goods were entered into between the Defense Supplies Corporation and the various counterclaimants. The allegations contained in the second sentence of paragraph 57 of the counterclaim state legal conclusions which require no response.

58. In response to the allegations contained in the first sentence of paragraph 58 of the counterclaim, the United States admits that the Defense Supplies Corporation entered into contracts with counterclaimants for the purchase of high octane fuel, but states that counterclaimants' allegation that said contracts "governed the sale" of high octane fuel constitutes a legal conclusion which requires no response. In response to the remaining allegations of paragraph 58, the United States states upon information and belief that contracts were entered between the Defense Supplies Corporation and the counterclaimants identified in paragraph 58, on or about the dates specified. In



FORM OBD-183
MAR. 83

further response, the United States states that the allegation that these contracts were "amended from time to time in a manner not relevant to this action," constitutes a legal conclusion which requires no response. In further response, the United States denies that "these [c]ontracts were substantially identical in all relevant respects."

59. The United States denies the allegations contained in paragraph 59 of the counterclaim.

60. The United States denies the allegations contained in the first sentence in paragraph 60 of the counterclaim. The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 60 of the counterclaim. The United States denies the allegations contained in the third sentence of paragraph 60 of the counterclaim. At this time, the United States lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the counterclaim.

61. In response to the first sentence of paragraph 61, the United States asserts that the "intent of the parties" must be determined from the contracts at issue themselves. In further response, the United States denies that it was the parties' intent that the United States would reimburse counterclaimants for "any unexpected costs or expenses incurred by [c]ounterclaimants...," but admits the Defense Supplies Corporation generally agreed to reimburse manufacturers of

aviation gasoline for extraordinary costs and losses incurred at the request and with the approval of the Petroleum Administration for War, provided that claims for said reimbursement were made in a manner which was consistent with the parties' agreements and with all other stated terms of the reimbursement program. In response to the allegations in the second sentence of paragraph 61, the United States denies that said reimbursement program was "a necessary and required corollary to the control over profits," and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in said sentence. In response to the allegations in the third sentence of paragraph 61, the United States admits that the quoted language was contained in one or more of the contracts with counterclaimants, but at this time lacks information or knowledge sufficient to form a belief as to whether said language was contained in each such contract and further states that such contracts speak for themselves. In further response, the United States denies that any of the response costs for which counterclaimants seek a set off and recoupment in their Sixth Counterclaim are "excess costs caused by the existence of a state of war." The United States denies the remaining allegations contained in paragraph 61 of the counterclaim, except that it admits that, through its agencies and government corporations, it exercised its regulatory authority and worked with industry to ensure that the United States economy maximized its production capacity for war-related materials, including high-octane aviation fuel, and further

admits that through purchase contracts the Defense Supplies Corporation reimbursed producers for extraordinary costs and losses incurred at the request and with the approval of the Petroleum Administration for War, as described above.

62. In response to the allegations in paragraph 62 of the counterclaim, the United States admits that the quoted language was contained in one or more of the contracts with counterclaimants, but at this time lacks information or knowledge sufficient to form a belief as to whether said language was contained in each such contract and further states that such contracts speak for themselves. The United States also denies that the quoted language constitutes "a further demonstration of the parties' intent to compensate for all unanticipated costs...."

63. The United States denies the allegations contained in the first and second sentences of paragraph 63 of the counterclaim. In response to the third sentence of paragraph 63, the United States admits that the Reimbursement Plan, consisting of the Memorandum of Understanding (the "MOU") and the Four Party Purchase Agreement (the "FPPA"), was entered into between various government entities on or about the dates alleged, but affirmatively states that both the MOU and the FPPA were subsequently modified and supplemented.

64. The United States denies the allegations contained in the first sentence of paragraph 64 of the counterclaim. The United States admits the allegations contained in the second



ORM OBD-183
MAR. 83

... but affirmatively states that said letter speaks for itself. The United States objects to the use of the vague and undefined term "[a]s a matter of practice" in the third sentence of paragraph 64 and therefore denies the allegations contained in said sentence.

65. The United States denies the allegations contained in paragraph 65 of the counterclaim.

66. In response to the first sentence of paragraph 66 of the counterclaim, the United States admits that one or more of the counterclaimants were reimbursed either by the Defense Supplies Corporation or by another agency or government corporation for certain extraordinary expenses incurred in the course of performance of counterclaimants' contracts. In all other respects, the United States denies the allegations contained in the first sentence of paragraph 66. In response to the second sentence of paragraph 66, the United States admits that it consistently recognized and complied with all its contractual obligations to refiners of high-octane aviation fuel, but denies that said obligations included reimbursement of refiners for all extraordinary expenses incurred "by reason of any cause or condition (whether or not of the same class or kind) resulting directly or indirectly from the existence of a state of war." The United States denies all remaining allegations contained in paragraph 66 of the counterclaim.

67. In response to the allegations in the first sentence of paragraph 67 of the counterclaim, the United States



:D-183
AR. 83

admits that due to the exigencies of war, it exercised economic regulatory authorities available to the sovereign to allocate scarce resources to ensure maximum economic mobilization and production required for the prosecution of the war, but denies that the contractual language quoted in the first sentence of paragraph 67 imposed any obligations upon the United States in allocating said resources. The United States denies all remaining obligations contained in paragraph 67 of the counterclaim.

68. The allegations in paragraph 68 are legal conclusions to which no response is required.

69. The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the counterclaim.

70.-71. The United States denies the allegations contained in paragraphs 70 and 71 of the counterclaim.

72. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 72 of the counterclaim. The United States denies all remaining allegations contained in paragraph 72 of the counterclaim.

73. The United States denies the allegations contained in paragraph 73 of the counterclaim.

<u>Seventh Counterclaim</u>

74. Paragraphs 1 through 73 are incorporated by



FORM OBD-183
MAR 83

reference in response to the allegations contained in paragraph 74 of the counterclaim.

75. The United States denies the allegations contained in paragraph 75 of the counterclaim.

76. The allegations in the first sentence of paragraph 76 of the counterclaim state a legal conclusion to which no response is required. The United States denies all remaining allegations contained in paragraph 76 of the counterclaim.

77. The allegations in the first sentence of paragraph 77 of the counterclaim state a legal conclusion to which no response is required. The United States denies all remaining allegations contained in paragraph 77 of the counterclaim.

<u>Eighth Counterclaim</u>

78. Paragraphs 1 through 77 are incorporated by reference in response to the allegations contained in paragraph 78 of the counterclaim.

79. The United States denies the allegations contained in paragraph 79 of the counterclaim.

<u>Ninth Counterclaim</u>

80. Paragraphs 1 through 79 are incorporated by reference in response to the allegations contained in paragraph 80 of the counterclaim.

81. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the counterclaim.



FORM OBD-183
MAR 83

82.-83. The United States denies the allegations contained in paragraphs 82 and 83 of the counterclaim.

Tenth Counterclaim

84. Paragraphs 1 through 83 are incorporated by reference in response to the allegations contained in paragraph 84 of the counterclaim.

85.-87. The United States denies the allegations contained in paragraphs 85 through 87 of the counterclaim.

Eleventh Counterclaim

88. Paragraphs 1 through 87 are incorporated by reference in response to the allegations contained in paragraph 88 of the counterclaim.

89. The allegations contained in paragraph 89 of the counterclaim state legal conclusions to which no response is required.

90. With regard to the allegations contained in the first sentence of paragraph 90 of the counterclaim, the United States admits that certain contracts between the United States and counterclaimants imposed obligations pertaining to the manufacture and sale of aviation gasoline for the United States. The United States denies all remaining allegations contained in paragraph 90.

91. The United States lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the counterclaim.



FORM OBD-183
MAR 83

**92.-93. The United States denies the allegations contained in paragraphs 92 and 93 of the counterclaim.**

Twelfth Counterclaim

94. Paragraphs 1 through 93 are incorporated by reference in response to the allegations contained in paragraph 94 of the counterclaim.

95. The allegation in paragraph 95 that an "actual controversy" exists states a legal conclusion to which no response is required. The remaining allegations contained in paragraph 95 of the counterclaim characterize a legal pleading which speaks for itself.

96. The allegations contained in paragraph 96 of the counterclaim characterize counterclaimants' plea for relief and so no response is required.

97. The remaining paragraphs of the counterclaim are claims for relief to which no response is required. To the extent a response is required, the United States denies that counterclaimants are entitled to any of the relief requested.

FIRST GENERAL DEFENSE

This Court lacks subject matter jurisdiction over the claims asserted.

SECOND GENERAL DEFENSE

This Court lacks jurisdiction over all of Counterclaimants' claims which seek monetary recovery in amounts in excess of that

available under the doctrine of recoupment, by virtue of the Tucker Act, and all said claims are thus barred.

FIRST AFFIRMATIVE DEFENSE

In response to the counterclaim and each of its separate claims, the United States asserts that Counterclaimants have failed to state claims upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

In response to the counterclaim and each of its separate claims, the United States asserts that said claims are barred by the doctrine of sovereign immunity.

THIRD AFFIRMATIVE DEFENSE

In response to the Fifth Counterclaim, the United States asserts that Counterclaimants are successor corporations to corporations that, by contract, agreement, or otherwise arranged for the disposal or treatment of hazardous substances at the McColl Site. Counterclaimants are thus liable parties under CERCLA §107(a)(3), 42 U.S.C. §9607(a)(3), and may not seek to hold the United States liable for the alleged necessary costs of response consistent with the National Contingency Plan which they claim to have incurred at McColl. Counterclaimants' sole remedy, if any, is an action for contribution pursuant to CERCLA §113, 42 U.S.C. §9613.

FOURTH AFFIRMATIVE DEFENSE

In response to the Eleventh Counterclaim, the United States asserts that Counterclaimants' claim for compensation for the

taking of their property without due process lies within the exclusive jurisdiction of the United States Claims Court. Consequently, this Court lacks subject matter jurisdiction to consider said claim.

FIFTH AFFIRMATIVE DEFENSE

In response to the Sixth, Seventh, Eighth, Ninth and Tenth Counterclaims, the United States asserts that Counterclaimants seek compensation under each claim in amounts in excess of $10,000 and that, pursuant to the provisions of the Tucker Act, said claims lie within the exclusive jurisdiction of the United States Claims Court and this Court lacks subject matter jurisdiction to consider said claims.

SIXTH AFFIRMATIVE DEFENSE

In response to the Sixth, Seventh and Ninth Counterclaims, the United States asserts that said claims seek recovery pursuant to terminated contracts and are barred by the applicable statute of limitations.

SEVENTH AFFIRMATIVE DEFENSE

In response to the Seventh, Eighth and Tenth Counterclaims, the United States asserts that said claims seek recovery pursuant to equitable theories and are barred by the doctrines of sovereign immunity and laches.

EIGHTH AFFIRMATIVE DEFENSE

In response to the Seventh, Eighth and Tenth Counterclaims, the United States asserts that said claims seek recovery pursuant to equitable theories and are barred by the doctrine of waiver.



183
83

NINTH AFFIRMATIVE DEFENSE

In response to the Seventh, Eighth and Tenth Counterclaims, the United States asserts that said claims seek recovery pursuant to equitable theories and are barred by the doctrine of equitable estoppel.

PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment against Counterclaimants on their counterclaim, deny all of the prayer for relief sought by Counterclaimants against the United States, and grant for the United States all costs and disbursements for the counterclaim and for such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

BARRY M. HARTMAN
Acting Assistant Attorney General
Environment & Natural Resources Division

By: [signature]

JOSHUA M. LEVIN
Trial Attorney
Environment & Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202)514-4198

PETER HSIAO
Assistant United States Attorney
Central District of California
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012



FORM OBD-183
MAR 83

**PROOF OF SERVICE**

I am employed in the City of Washington, D.C. by the U.S. Department of Justice; am over the age of 18 years; not a party to this action herein; and my business address is P.O. 23986, Washington, D.C. 20026-3986.

On August 15, 1991, I served the foregoing document described as:

ANSWER OF FEDERAL COUNTERDEFENDANTS
TO COUNTERCLAIM OF DEFENDANTS
SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA,
ATLANTIC RICHFIELD COMPANY, AND TEXACO, INC.

on the interested parties to this action as follows:

Cary B. Lerman
Munger, Tolles & Olson
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560

Melissa A. Chaitin
Demetriou, DelGuercio & Lovejoy
Chase Plaza, 10th Floor
801 South Grand Avenue
Los Angeles, CA 90017

Cynthia L. Burch
Allen, Matkins, Leck, Gamble & Mallory
515 South Figueroa Street
Eighth Floor
Los Angeles, CA 90071-3398

Timothy R. Patterson
Deputy Attorney General
110 West "A" Street, Suite 700
San Diego, CA 92101-3786

I certify that a true copy thereof was mailed by Federal Express in a sealed envelope with postage thereon, fully prepaid, at Washington, D.C.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 15, 1991 at Washington, D.C.

Linda Conerly
Linda Conerly



FORM OBD-183
MAR. 83